**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**GWENDOLYN GRANGER**                                       **PLAINTIFF**

vs.                                **3:10CV00051-WRW**

**AN NGUYEN,** *et al***.**                                          **DEFENDANTS**

**ORDER**

Pending is a Motion to Substitute Party by the United States of America as the Party Defendant and to Dismiss Complaint (Doc. No. 4). Plaintiff's response was due on Thursday, April 1, 2010. Plaintiff filed no response. An April 2, 2010, Letter Order alerted Plaintiff that, since she had not filed a response, I assumed she agreed with the United States' position.[1] The Letter Order also warned that if Plaintiff did not file a response by 5:00 p.m., Thursday, April 8, 2010, I would grant the United States' Motion.[2] Plaintiff has filed neither a response nor a motion for an extension of time.

The United States' Motion to Substitute Party is GRANTED.

Plaintiff sued[3] Defendant -- the United States -- and the Federal Tort Claims Act ("FTCA") applies.[4] In its Motion to Dismiss, Defendant asks that Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction. Defendant points out that an action against the

---

[1] Doc. No. 6.

[2] *Id*.

[3] Doc. No. 2.

[4] 28 U.S.C. §§ 1346(b), 2671, *et seq*.

1

United States under the FTCA cannot proceed in district court unless the claimant first submits a claim to the appropriate federal agency.[5] This is true.

An action against the United States "shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and [her] claim shall have been finally denied by the agency . . . ."[6] A district court lacks subject matter jurisdiction when a claimant has not exhausted her administrative remedies.[7]

Based on the record, it appears that Plaintiff never filed an administrative tort claim relating to East Arkansas Family Health Center, Inc. and An Nguyen, D.D.S.[8] Apparently, this Court does not have jurisdiction over Plaintiff's case. Accordingly, Defendant's Motion to Dismiss is GRANTED.

IT IS SO ORDERED this 12th day of April, 2010.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[5] Doc. No. 5.

[6] 28 U.S.C. § 2675(a).

[7] *Sanders v. United States*, 760 F.2d 869, 872 (8th Cir. 1985).

[8] Doc. No. 5, Ex. 1.